UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HARRY DAVID EVANS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DANIEL SULLIVAN; ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 5:24-CV-05051-RAL<br><br><br>ORDER GRANTING AS MODIFIED MOTION TO SUBSTITUTE AND REMOVE RESPONDENTS |

**ORDER**

    This matter is before the court on the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, of Harry David Evans, a South Dakota state prisoner. Docket No. 1. Mr. Evans named as respondent a previous warden of the South Dakota State Penitentiary, Daniel Sullivan. Id. at 1. Due to a former administrative process related to the AO241 form, Attorney General Marty Jackley was also added to the case as a respondent. See id.

    Citing Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004), respondents now move the court to (1) substitute Teresa Bittinger, Warden of the South

Dakota State Penitentiary, for Daniel Sullivan, "because [Mr. Evans] is in the custody of Warden Bittinger, not Warden Sullivan," and (2) remove Attorney General Jackley "from the case because Warden Bittinger is the only proper respondent in this matter."  Docket No. 11 at 1–2.

As to Attorney General Jackley, respondents are correct that he is an improper respondent.  As explained in Padilla, the "immediate custodian, not a supervisory official who exercises legal control" is the proper respondent. Padilla, 542 U.S. at 439.  The immediate custodian is the jailer—"the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Id. at 435.  Because Attorney General Jackley is not the warden of the facility where Mr. Evans is housed, he is not the proper respondent, and the motion to terminate him as a respondent is granted.

Whether the warden of the South Dakota State Penitentiary is the proper respondent is a closer question.  Mr. Evans "is an inmate of the South Dakota Department of Corrections, and was transferred to Wyoming by the warden of the South Dakota State Penitentiary."  Pet. for Writ of Habeas Corpus, ¶ 1, Evans v. Sullivan, 16CIV22-000005 (S.D. 7th Cir., Custer Cnty.).  Mr. Evans is housed at the Wyoming Medium Correctional Institution in Torrington, Wyoming.  Docket No. 1 at 1.  On Padilla's terms, the proper respondent here would be the warden of the Wyoming facility—Mr. Evans' "immediate custodian."  Padilla, 542 U.S. at 439.  And because of the novelty of Mr. Evans'

housing arrangement, under Padilla, the proper district for this action, the "district of confinement," would be the District of Wyoming. Id. at 443.

But Rule 2(a) of the Rules Governing Section 2254 cases instructs that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the *state officer* who has custody." That "state officer" language, which existed before and after Padilla was decided, appears to presume that a state will incarcerate its prisoners within its borders. Otherwise, the language exists in tension with the immediate custodian rule.

But the immediate custodian rule does not dictate this court's jurisdiction to oversee the matter. Since Padilla, courts have understood that both the district of confinement rule and the immediate custodian rule are defenses waivable by parties with legal custody of a prisoner petitioner. See, e.g., Mathena v. United States, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (citing Padilla, 542 U.S. at 434 n.7 (opinion of the court) and 452 (Kennedy J., concurring)); McPeek v. Att'y Gen., No. 4:23-CV-04199-RAL, 2024 WL 5227395, at *1 n.1 (D.S.D. July 1, 2024), adopted, 2024 WL 5226553 (D.S.D. Dec. 26, 2024); see Lane v. United States, No. 14-731 (RDM), 2015 WL 6406398, at *3–7 (D.D.C. Oct. 21, 2015) (immediate custodian rule waivable by government body "capable of granting the requested relief").

As legal custodian, if not immediate custodian, of Mr. Evans, the warden of South Dakota State Penitentiary can choose to waive the immediate

3

custodian rule and district of confinement rule.  The court recognizes the warden is capable of producing Mr. Evans before the court if needed.  The court also acknowledges the interest and logistical advantages of litigating this matter in a South Dakota court rather than the District of Wyoming.  The court is therefore satisfied that the warden of the South Dakota State Penitentiary, whether through waiver by respondent or otherwise, is a proper party respondent in this case.  However, Teresa Bittinger no longer holds that office.

Under Federal Rule of Civil Procedure 25(d)(1), "[w]hen a public officer is a party to an action in an official capacity and during its pendency . . . ceases to hold office . . . the officer's successor is automatically substituted as a party."  Since the filing of Mr. Evans' petition, the warden of South Dakota State Penitentiary changed from Daniel Sullivan to Teresa Bittinger.  Docket No. 11 at 1.  But since the filing of respondents' motion to substitute, the warden of South Dakota State Penitentiary changed yet again.  The current interim warden is Amber Pirraglia.  See Patterson v. Pirraglia, No. 4:24-CV-04014-VLD, 2025 WL 71857 (D.S.D. Jan. 10, 2025).  The court grants respondents' motion to substitute, but modifies the substituted party to Amber Pirraglia.

The court proceeds with the understanding that Ms. Pirraglia, as interim warden of the South Dakota State Penitentiary, is either "the only proper respondent in this matter," Docket No. 11 at 2, or a person authorized to proceed as respondent by waiving the immediate custodian rule.

4

## CONCLUSION

It is hereby ORDERED that:

Attorney General Marty Jackley is terminated as respondent in this matter.

Interim Warden Amber Pirraglia is substituted for Daniel Sullivan as the sole respondent.

DATED this 20th day of February, 2025.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY

United States Magistrate Judge
